IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT, IN AND FOR COLLIER COUNTY, FLORIDA

CASE NO.:

LISA GOURLEY and MICHAEL GOURLEY as individuals and as natural guardians of of COLIN GOURLEY,

Plaintiffs,

v.

MV TRANSPORTATION, INC. and MARQUIS WILLIAMSON,

Defendants.
_______________________________________/

**COMPLAINT**

Plaintiffs, LISA GOURLEY and MICHAEL GOURLEY as individuals and as natural guardians of COLIN GOURLEY, sue Defendants, MV TRANSPORTATION, INC. and MARQUIS WILLIAMSON, and allege:

1. This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiffs' claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiffs, LISA GOURLEY is the Mother and Legal Guardian of the injured party, COLIN GOURLEY, and MICHAEL GOURLEY is the Father and Legal Guardian of the injured party, COLIN GOURLEY, with full rights and authority to pursue this action on

his behalf. *See Plenary Co-Guardian Order attached*.

3. At all times material to this action, Defendant, MV TRANSPORTATION, INC., is a California corporation licensed to do business in the State of Florida.

4. At all times material hereto, Defendant, MARQUIS WILLIAMSON, was a person residing in Collier County, Florida.

5. At all times material to this action, Defendant, MV TRANSPORTATION, INC., was the operator of a transportation business that provided services throughout Collier County, and specifically to the injured COLIN GOURLEY.

6. At all times material to this action, Defendant, MARQUIS WILLIAMSON, was an employee of Defendant, MV TRANSPORTATION, INC., and in the course and scope of his employment when the injury occurred to COLIN GOURLEY.

**COUNT I – NEGLIGENCE BY MV TRANSPORTATION, INC.**

Plaintiffs, reallege and incorporate by reference paragraphs 1-6, and further states:

7. COLIN GOURLEY is a resident of Collier County that has been diagnosed with multiple medical conditions, including cerebral palsy, blindness, and cognitive impairment, and is legally disabled.

8. COLIN GOURLEY was attending the Easterseals Florida day program in November of 2022 located at 8793 Tamiami Trail East, Naples, Collier County, Florida.

9. Defendant, MV TRANSPORTATION, INC. provided transportation services to COLIN GOURLEY and was entrusted with supervising the passengers on board and ensuring their safety.

10. Defendant, MV TRANSPORTATION, INC., had actual knowledge that COLIN GOURLEY suffers from the medical conditions previously stated and requires a Personal Care Attendant at all times.

11. On or about November 14, 2022, an employee of Defendant, MARQUIS WILLIAMSON, was transporting COLIN GOURLEY and other developmentally disabled passengers to the Easterseals Florida day program.

12. At said time and place, COLIN GOURLEY was on the bus in his wheelchair and restrained with two seatbelts that restricted his movements.

13. At said time and place, there was no Personal Care Attendant present on the shuttle, despite Personal Care Attendant being previously requested upon registration for MV Transportation, Inc.

14. During the time in which COLIN GOURLEY was being transported by Defendant, MV TRANSPORATION, INC., he was violently attacked by another passenger for several minutes where COLIN GOURLEY sustained significant lacerations, bite marks, and contusions.

15. COLIN GOURLEY was unable to defend himself due to his mental and physical disabilities, as well as the fact that he was physically restrained by seatbelts.

16. At said time and place, COLIN GOURLEY was a invitee of the transportation company maintained and operated by the Defendant, lawfully in the vehicle of the Defendant, who owed Plaintiff a duty to exercise reasonable care for his safety.

17. At said time and place, MV TRANSPORTATION, INC., breached its

duty owed to Plaintiff by committing one of more of the following omissions or commissions:

a. Negligently supervising the individuals entrusted to Defendant's care when Defendant knew or should have known that these individuals required supervision, thus creating an unreasonably dangerous condition for Plaintiff;
b. Negligently failing to train and/or inadequately training its employees to protect disabled passengers from dangerous conditions;
c. Negligently failing to act reasonably under the circumstances;
d. Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to its passengers, including the Plaintiff;
e. Negligently engaging in a routine practice of business that was not the reasonable custom of the community;
f. Negligently failing to render aid to the Plaintiff after Plaintiff was violently attacked;
g. Negligently engaging in a routine practice of business that was unreasonable to do what is customary for the relevant business community in and around where the subject attack occurred.
h. Additional acts of negligence not yet discovered.

18. As a direct and proximate result of the negligence of Defendant, MV TRANSPORTATION, INC., COLIN GOURLEY suffered bodily injury in and about plaintiff's body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expensive hospitalization, medical and nursing care and treatment, and aggravation of a preexisting condition. The losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

**<u>COUNT II- NEGLIGENCE BY MARQUIS WILLIAMSON</u>**

Plaintiff, realleges and incorporates by reference paragraphs 1-18, and further states:

19. At all times material to this action defendant, MARQUIS WILLIAMSON, was employed by Defendant, MV Transportation, Inc. as a driver.

20. At all times material to this action, Defendant MARQUIS WILLIAMSON, was directly responsible for safely operating a commercial vehicle for Defendant MV Transportation, Inc. that transported its passengers throughout Collier County, Florida.

21. At all times material to this action, Defendant, MARQUIS WILLIAMSON, in his scope and capacity as an employee of MV Transportation, Inc., was operating a shuttle for CAT Connect, a paratransit shared-ride door-to-door transportation service that included passengers who have physical and/or mental impairments that are unable to utilize the traditional Collier Area Transit ("CAT") system.

22. At all times material to this action, Defendant, MARQUIS WILLIAMSON, owed a duty to Plaintiff, a developmentally disabled person, to reasonably and safely transport him to his destination and ensure this was done in the compliance of the policies and procedures of his employer, Defendant, MV Transportation, INC.

23. At said time and place, Defendant, MARQUIS WILLIAMSON breached these duties to Plaintiff by committing one or more of the following omission or commissions:

a. Negligently supervising the individuals entrusted to Defendant's care when Defendant knew or should have known that these individuals required supervision, thus creating an unreasonably dangerous condition for Plaintiff;
b. Negligently failing to train and/or inadequately training its employees to protect disabled passengers from dangerous conditions;
c. Negligently failing to act reasonably under the circumstances;
d. Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions for its passengers, including the Plaintiff;
e. Negligently engaging in a routine practice of business that was not

the reasonable custom of the community;

f. Negligently failing to render aid to the Plaintiff after Plaintiff was violently attacked;

g. Negligently engaging in a routine practice of business that was unreasonable to do what is customary for the relevant business community in and around where the subject attack occurred.

h. Additional acts of negligence not yet discovered.

24. As a direct and proximate result of the negligence of Defendant, MARQUIS WILLIAMSON, COLIN GOURLEY suffered bodily injury in and about plaintiff's body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expensive hospitalization, medical and nursing care and treatment, and aggravation of a preexisting condition. The losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant, MARQUIS WILLIAMSON, and any other such relief deemed proper by the Court. Plaintiff also demands a jury trial on all issues so triable herein.

## DEMAND FOR JURY TRIAL

Plaintiff, demands trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy hereof, has been filed with the Florida Courts E-Filing Portal on this **23rd** day of January 2025.

**CAMPIONE LAW, P.A.**

*/s/ M. Antoine Pecko* ___________
**M. ANTOINE PECKO, ESQ.**
Florida Bar No.: 103929
501 W. Bay Street, Ste. 100
Jacksonville, FL 32202
Email: Pleadings@campionelawpa.com
AP@campionelawpa.com
NJ@campionelawpa.com
Counsel for Plaintiff(s)