UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LISA GOURLEY, and MICHAEL
GOURLEY, as individuals and
natural guardians of Colin
Gourley,

      Plaintiffs,

v.                           Case No:  2:25-cv-640-JES-KRH

MV TRANSPORTATION, INC., a
foreign profit corporation,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Enforce Settlement (Doc. #24) filed under seal with leave of Court on April 6, 2026.  Finding no timely response, the Court directed plaintiffs to respond.  (Doc. #28.)  On May 4, 2026, plaintiffs filed a Response in Opposition (Doc. #29).

### A. Procedural History

Plaintiffs Lisa Gourley and Michael Gourley are the parents and legal guardians of Colin Gourley, a disabled adult.  On or about November 2022, Colin Gourley was being transported by defendant MV Transportation, Inc. (MV Transport) in a wheelchair restrained with two seatbelts along with other developmentally

disabled passengers.  During transportation, Colin Gourley was attacked by another passenger where he sustained injuries and was unable to defend himself.  Plaintiffs assert that defendant was negligent and seek damages.

Defendant states that the parties agreed to a negotiated settlement prior to plaintiffs filing suit.  Counsel for plaintiffs "subsequently disagreed" with some of the General Release and initiated the suit in state court.  Plaintiffs initiated the Complaint in state court on January 23, 2025, and an Amended Complaint on May 23, 2025.  The Amended Complaint (Doc. #3) was served on June 18, 2025.  Defendant filed an Answer and Affirmative Defenses (Doc. #4) on July 8, 2025, the same day set for a status conference.  (Doc. #1-6.)  On July 18, 2025, defendant removed the case to federal court asserting the presence of diversity in citizenship and an amount in controversy is excess of $75,000.  (Doc. #1.)

**B. Settlement Negotiations**

The parties corresponded as follows prior to suit:

1. On or about June 11, 2024, counsel for plaintiffs sent a letter to a Broadspire a Crawford Company Claims Adjuster making a "Time-Sensitive Demand" for settlement purposes

as to the policy limits providing 30 days to resolve the claim.  (Doc. #29-1.)

2. On July 10, 2024, counsel for defendant advised that "our office has been retained to defend MV Transportation" and indicated that the deadline to respond was almost up but would be extended until August 12, 2024.  (Doc. #24-4, Exh. 7, p. 3.)  Counsel for the plaintiffs responded that the "extension is confirmed."  (Id.)

3. On August 6, 2024, counsel for plaintiffs responded by email stating that "they would respectfully reject an offer that is in the range of the Pericat settlement" as it was a repeat occurrence.  Counsel reduced their demand to avoid substantial litigation and media coverage.  (Id. at 2.)

4. On September 4, 2024, via an email sent at 3:55 PM and marked "Confidential Settlement Communication," counsel for defendant presented an amount as "a full settlement" "contingent upon receipt of executed copies of our General Release and Hold Harmless" requiring the plaintiffs "to hold [his] client harmless and indemnify them from any other claims or liens arising out of the subject matter of the above case."  The amount was considerably less than the amount suggested by plaintiffs.  (Id. at 1.)

5. On September 4, 2024, at 4:17 PM, counsel for plaintiffs agreed to the terms and attached a W-9. (Doc. #24-5, Exh. 8, p. 1.) A few minutes later, counsel for plaintiffs further indicated that no Medicaid lien was being asserted. (Doc. #24-6, Exh. 9, p. 2.)

6. On September 11, 2024, counsel for defendant provided a status update, which was acknowledged. (Id. at 1.)

7. On September 19, 2024, counsel for defendant sent an email to counsel for plaintiffs stating he was waiting on word about the check but "[i]n the meantime, please see attached General Release for review and execution." (Doc. #24-7, Exh. 10, p. 1.) The General Release provides that plaintiff guardians of Colin Gourley receive a sum of money "or other valuable consideration" "from or on behalf of" MV Transport, the driver, and three other parties not named in the suit. (Doc. #24-8, Exh. 11.)

8. On November 12, 2024, counsel for plaintiffs indicated that they have to set up a special needs trust to be able to execute the release. (Doc. #24-9, Exh. 12, p. 1.)

9. A few minutes later, counsel for plaintiffs sent another email adding a "point of clarification" indicating that they agreed to "release your clients, MV Transportation

- 4 -

and driver" but the release adds Collier Area Transit, Collier County Demand Response Transit, and Transit Operations Management Services.  Counsel asked that the changes be made for execution.  (Id.)

## C. Applicable Law and Conclusions

"Whether parties reached an enforceable settlement agreement depends on state law."  Hall v. Watson, 734 F. Supp. 3d 1281, 1285 (M.D. Fla. 2024) (citation omitted), aff'd sub nom. Hall v. Merola, No. 24-11818, 2025 WL 2103352 (11th Cir. July 28, 2025).

> Under Florida law, courts apply an objective test to determine whether an enforceable contract exists. Robbie v. City of Miami, 469 So. 2d 1384, 1385 (Fla. 1985). In reviewing the parties' e-mail exchanges, it matters not whether there was "the agreement of two minds in one intention, but on the agreement of two sets of external signs—not on the parties having meant the same thing but on their having said the same thing." Id. (citing Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp., 302 So. 2d 404, 407 (Fla. 1974)). If an intent to settle is established, an enforceable agreement exists regardless of whether a written agreement is fully executed. See Reed ex rel. Reed v. United States, 717 F. Supp. 1511, 1517 (S.D. Fla. 1988) ("All that is required is that the terms be clear, definite and capable of proof.... [T]he physical act of signing a document is a mere formality where the parties clearly intend to be bound." (citations omitted)), aff'd, 891 F.2d 878 (11th Cir. 1990). Nevertheless, "[s]ettlements are highly favored and will be

enforced whenever possible." Robbie, 469 So. 2d at 1385.

Payano v. Wal-Mart, Inc., No. 8:23-CV-1619-VMC-AAS, 2024 WL 3426903, at *2 (M.D. Fla. July 16, 2024).

"To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element. [] Uncertainty as to nonessential terms or small items will not preclude the enforcement of a settlement agreement." BP Prods. N. Am., Inc. v. Oakridge at Winegard, Inc., 469 F. Supp. 2d 1128, 1133 (M.D. Fla. 2007), as amended (Jan. 3, 2007). "'Uncertainty as to nonessential terms or small items will not preclude the enforcement of a settlement agreement.' [] 'The definition of 'essential term' varies widely according to the nature and complexity of each transaction and is evaluated on a case-by-case basis.'" Broadnax v. Sand Lake Cancer Ctr., P.A., 819 F. App'x 799, 801 (11th Cir. 2020). "Although settlements are favored and will be enforced when possible, there must be a valid agreement in order for a court to enforce a settlement." Rolex Watch U.S.A., Inc. v. Bonney, 546 F. Supp. 2d 1304, 1307 (M.D. Fla. 2008) (citations omitted).

Defendant MV Transport seeks to enforce the settlement and specifically the general release that encompasses the driver

- 6 -

Marquis Williamson, Collier County and its associated entities, and ACE American Insurance Company.  Counsel only represents MV Transport and the driver Marquis Williamson.  Collier County and its associated entities, including Collier Area Transit, Collier County, Demand Response Transit, and Transit Operations Services, and ACE American Insurance Company are not parties to the settlement or in this case.  Defendant argues that there was a meeting of the minds on the terms and plaintiffs' counsel was aware of the contractual relationship between MV Transport and Collier County based on a prior settlement with another injured party, Pericat.  (Doc. #24, pp. 15-16, 18.)

Counsel for plaintiffs is the same attorney who represented Melanie Pericat, who was also a passenger on a Collier County paratransit bus operated by MV Transport.  Plaintiffs oppose the motion arguing that the settlement agreement never existed because an agreement was not reached as to the scope of the general release.  "Plaintiffs agreed, in principle, to release Defendant and its driver. They did not agree to release Collier County or any other non-party governmental or corporate entities."  (Doc. #29, p. 4.)

The Court finds that the email correspondence does not support the position of defendant as to the specific terms of the general

release.  It was agreed that counsel's "client" would be released and indemnified.  There was no mention of the other parties until the General Release was provided.  Even though several weeks passed in between, counsel for plaintiffs sought a clarification and asked that the General Release be changed.  The Court has no evidence of a response to this last communication, and defendant's counsel did not agree to the change.  Therefore, there was no agreement as to the essential terms of the agreement sought to be enforced.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Enforce Settlement (Doc. #24) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___27th___ day of May 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of Record

- 8 -